Okay, welcome to the Ninth Circuit to this unusual argument. We have Judge Terrence Berg from Michigan sitting with us today at long distance. Thank you for that. We all know I'm ready to start. Frankly, I do not have a day sheet in front of me, so I don't know the names of counsel, so I would appreciate the beginning and giving his name or her name at the outset. Thank you. Yes, sir. Are you ready to begin, Your Honor? Ready to begin. May I please begin? Well, I should give the usual admission that you should reserve your own time and that in all likelihood, even if you use up your time, I won't give you one minute of rebuttal, but other than that, it's up to you to reserve time. Thank you. Yes, sir. Thank you, Your Honor. May it please the Court, my name is Brian Cannon from Quinn Emanuel, and I represent the plaintiff, Total Recall Technologies, TRT. As you know, this is the second time. I'm sorry, Your Honor? I didn't say anything. Sorry. This is the second time we have come before the Court. In the very first appeal, defendants Oculus and Pomolocky tried to challenge TRT's internal management authority, and TRT, we disputed that. We said that Oculus and Pomolocky do not have standing to challenge TRT's internal management authority pursuant to its partnership agreement. As you know, this Court remanded on three distinct questions. First, does federal procedural law, including Rule 9, allow defendants to challenge TRT's authority or capacity? Second, if the federal rules allow a challenge to TRT's authority and capacity, does TRT have authority to proceed as of today? Third, if TRT can proceed, does the statute of limitations apply? As you know, the District Court ruled against TRT on each of the three questions, and the District Court was wrong on each of the three questions. If the District Court was wrong on any of the questions, then this case should be remanded for a trial on the merits. I'd like to talk about the federal procedural rules first. Has there been a summary judgment on the merits, or has anybody tried to file a summary judgment on the merits? No, Your Honor. We went through fact discovery, so fact discovery is complete, and we were about to start a brief period of expert discovery. There was no summary judgment motion on the merits. Also, the District Court judge allowed this early summary judgment on the question. Presumably, there could be another summary judgment. Possibly, yes. There would be summary judgment or trial, but at least an evaluation of the merits and a decision on the merits of the breach of contract claim that we have. So I'd like to talk about the federal procedural rules. There is no federal procedural basis to challenge TRT's authority and capacity in these particular circumstances. There is a very careful framework in the federal rules of civil procedure that governs who is a party, how one becomes a party, like joiner or intervention or the like, and that careful framework has essentially been upended by defendant's position with respect to Rule 9 in this case. And I'd like to start with the text of Rule 9 because I think if we look at the actual language of Rule 9, I think it's pretty apparent that the language does not apply to this particular case. So the key language in Rule 9, so there's two particular parts of Rule 9. The first is a party's capacity to sue or be sued, and the second is a party's authority to sue or be sued in a representative capacity. And those phrases have very particular meanings. The district court's primary argument as to why Rule 9 applied was a party's authority to sue or be sued in a representative capacity applies to defendant's attempt to basically litigate the internal partnership dispute between the two original partners of TRT. Now, Your Honors, the language, a party's authority to sue or be sued in a representative capacity, that applies to a very specific situation where you have a named party like a proxy or a guardian that is representing the interests. So I have one kind of out-of-left-field question. I understand all that at the outset, and then we ended up with the settlement, and now we have basically a partnership of one person. Can we have a partnership of one person? That's a great question, Your Honor. Under Hawaii law, you can. This is a Hawaii partnership, and in terms of winding up the partnership's business or resolving the partnership's business, you can have a partnership of one. So that's not laid out in the briefs, but under Hawaii partnership law, you can have a winding-up process of one partnership with one partner, excuse me, to resolve the issues of the remaining property and remaining claims the partnership may have. All right, so go ahead. I mean, they haven't claimed that to be the capacity problem, but I just wondered whether somebody could show up and say, I'm a partnership, but I'm only one person. So I understand what you're saying. Yeah, correct. But you're correct. That has not been an issue in the case. Judge Wallace, did you have a question? No, but I'm fine. Thank you. Thank you. So the issue of a party's authority to sue or be sued in a representative capacity, as I mentioned before, that covers the situation where you have a party in a lawsuit that's actually representing the interests of another. So, for instance, a minor child cannot sue or be sued. You have to have a guardian be the named plaintiff, but that guardian has the authority to represent the interests of another party, say the child, or if you have a trustee, a trustee represents the interests of a trust. So we do have this one Ninth Circuit case which uses the term authority in a situation somewhat like this one, although it doesn't ultimately decide anything because it decides a timeliness question. But it seems to be assuming that something like this could be an authority question. Again, one of the defendants was a member of the partnership, so in that regard it was different. But is there no way, I mean, suppose, let's take Judge Alsop's hypothetical. Somebody shows up and says, I'm AT&T. Yes. Nobody gets to say, wait a minute, you're not AT&T? Well, Your Honor, there's rules that address that. There's rules of joinder, real party and interest, and intervention. So a defendant could avail themselves of Rule 24, or they could avail themselves of Rule 17, and they could bring in the real party and interest, AT&T. Yeah, but AT&T doesn't care at all. I mean, they don't care, but they're really not AT&T. There's no doubt about it. The real AT&T could intervene as well. The real AT&T could intervene in the lawsuit and say, this is not us. This is someone committing a fraud by saying they're AT&T. So I think there are rules that guard against that particular hypothetical, rules other than Rule 9 that are in the Federal Rules of Civil Procedure. And in our particular case, the hypothetical is not even applicable because the AT&T hypothetical is a stranger, a complete stranger to AT&T saying, I am AT&T, here's my case. Whereas in our situation, we have two partners, both of whom knew the lawsuit was getting filed, and so it's not a stranger to the entity that is involved in this situation. But I think the primary argument is, you know, there's rules in place that allow AT&T or the defendants to bring in the real party in interest, to join the different parties, and to, you know, proceed accordingly. Well, you say to bring in the real party in interest. I mean, suppose that you have a partnership like this, and maybe it's three partners, and two of the partners oppose bringing a lawsuit, as the other partner did in this case, and the remaining partner wants to bring the lawsuit, and he actually does. I know this is crazy, but he ties up the other partners and puts them in the basement and goes forward with the lawsuit. I mean, is there any way to challenge the authority of the partnership? And I don't see those other rules as being a way to challenge the authority of the partnership to proceed. So my question is, can you ever challenge the authority of the partnership to bring a case which has not been authorized by the partnership according to the partnership's agreement? Well, Your Honor, under contract law, you have the parties to the agreement. The parties to the partnership agreement have the rights and obligations with respect to each other. So if someone's tied up in the basement, then I guess they can't intervene in the lawsuit, but I don't think that hypothetical applies here. And I think the Delbon case, because there was a parallel Hawaii lawsuit going on. The other partner, at full notice, knew exactly what was happening. I just want to talk about the Delbon case because that is the closest case on the facts, and that was Chief Judge Coyle from the Eastern District. And Judge Coyle, in quite a similar situation to this, we had a partnership of two partners in the Delbon case, and one partner initiated the lawsuit. It was an antitrust case, and the defendants on the other side sought to challenge the authority of the partnership to bring suit, and Judge Coyle said, you can't do that. There's no standing to challenge the authority because that's an internal partnership management dispute, and so there's no way to sort of challenge that. And Judge Coyle did not address Rule 9 because Rule 9 was not applicable. So the only criticism that I've heard from defendants, and frankly the district court, about the Delbon case is that Judge Coyle did not address Rule 9. But if Rule 9 does not apply, there was no reason for Judge Coyle to address Rule 9. Well, he also had alternative holdings, but yes, you're right. You're right that there was one holding. So would it make any difference if this was a corporation rather than a partnership? Would your basic arguments apply to a corporation as well as a partnership? Yes, I believe the basic arguments apply because really what the defendant's position is doing is undermining the idea of the legal entity. Whether you have a legal or corporate entity or a partnership or an LLC, if the rule was you can challenge the internal management authority or look to see who's behind it, that applies to every corporation, every partnership, every LLC. What if somebody comes in and says, I'm suing on behalf of the Jones and Smith partnership and there is no Jones and Smith partnership at all? Well, that would be a capacity question. If the legal entity did not exist, then the defendant could say, I challenge the capacity, and then that would be a live dispute. If it was like a made-up entity. But there's been no challenge. TRT is a Legal Hawaii Partnership. There has been no dispute that under California law, which is the relevant law for determining capacity, a partnership can sue and be sued in its own name. And so in this case, there's only one plaintiff, and that's TRT. TRT is the plaintiff and the party in the lawsuit. Whoever the shareholders or partners or investors in TRT might be, under the federal rules, they are not parties to the lawsuit. Let me ask you a question, which your opposition has raised at least tangentially. And that is this saving of the corporation by the second partner joining back in. Is there some laws or some case that can occur where the partner who is objecting, one of the two, later on, for his or her own reasons, decides to make a change of mind? Here, you can see where it happened. It happened through the mediation that took place. And that's fine. We enjoy mediation. But you're bringing this partner who used to say no back in to say yes. And then the district court says that's a litigation gimmick. What did the district court mean by that? Can you fill that in? Yes, Your Honor. I'm glad you raised that question. Because, you know, this was not a litigation gimmick. This was a court-mediated settlement. It was Judge Rondalu in the Second Circuit in Maui that helped negotiate or mediate this settlement. And from everyone's perspective, it addressed Judge Alsop's issue. Because the settlement was that the one partner who was alleged to disagree, he withdrew from the partnership and withdrew any objection or any claim for control he may have over the California lawsuit. Now, there is a dispute as to whether the withdrawing partner ever properly objected to the lawsuit. He never intervened. He never filed a motion. He never made any actions in the Hawaii lawsuit to try to stop the federal lawsuit. But that, I think, is irrelevant now because he has withdrawn. And I think what Judge Liu did in crafting that settlement really addresses the concerns the district court had. The district court had a concern that the partnership speak with, quote, one authoritative voice. And Judge Liu in Hawaii really solved that issue by having one partner withdraw, but keep a financial interest. And the claim against Pamelaki and Oculus stayed with the partnership TRT. And, in fact, the partner, Seidel, he put it in a declaration, and that's at ER 27 and 28. It really lays out that he never intended to waive any rights. He always believed this was a TRT contract and that Pamelaki breached that contract. So this wasn't a gimmick. Sorry, Your Honor. I understand. I hear the argument. But the question I had was in that mediation, did he become a member of the partnership again? Or did the mediation hold that he just is making no objection? Your Honor, he withdrew. So there was two original partners to the partnership that was TRT. And Tom Seidel withdrew from the partnership, and he obtained the patent. So the partnership had some property, including a patent and various trademarks. Tom Seidel owns the patent, and the lawsuit then belongs to the partnership. So he left the partnership. So he did not come back into the partnership as a result of the mediation. The mediation still has the single individual, but he has withdrawn. He has withdrawn, and he has no ability to veto or to control the lawsuit in any way. So TRT truly acts with one authoritative voice. He also has an obligation to cooperate with the lawsuit. He also is going to get proceeds from the lawsuit. That is correct. Your Honor, I seem to have gone over my time. Yes, you have. Go ahead. Please answer. Yes, the settlement, the broad parameters of the settlement are he has withdrawn, but he retains a passive financial stake and agrees to cooperate in various matters. Okay, we are out of time. I will give you a minute. Thank you, Your Honor. Okay. Yes, ma'am. May it please the Court, can you see and hear me? I had some difficulty. I can hear you, and you are a little fuzzy to look at, but I can hear you. Okay. Thank you. May it please the Court, I'm Lillian Goldman. Your camera is a problem. I don't know why. I'm sorry, Your Honor. I don't know why that is. Can you hear me clearly? That's a little fuzzy, too, but let's see what happens when you go on. Okay. May it please the Court, I'm Lauren Goldman, and I represent the athletes. Is that any better, Your Honor? I can hear. Can you hear Judge Wallace and Judge Berg? Yes, I can hear. Okay. Go ahead. On remand, the District Court followed this Court's instructions to apply Rule 9 in a straightforward way and apply this Court's precedents and U.S. Supreme Court precedents until the defendants were allowed to challenge TRT's capacity and authority that this be filed without capacity and authority. What U.S. Supreme Court precedent is relevant here? Eisenberg is very relevant here because it says that the names in the caption are not determinative of the parties to the act, and so it's very relevant to TRT's argument that Ron Haber was not a party to this. If I could just talk for a minute. Just step back for a minute. The thing that strikes me about this case, it struck me the first time, it strikes me the second time, is that if this authority exists to object for a completely outsider third party to object to the internal proceedings or processes of an entity bringing a lawsuit, don't you think in several hundred years there would be some direct precedence? It would happen all the time. It seems bizarre that nobody has been able to find a closely similar case. I mean, I know you saved this one and that one, but there is no actual case in which a third party is doing this in several hundred years of litigation. Doesn't that strike you as unusual? There are two reasons why it's unusual, but that doesn't mean it can't be done and it doesn't mean that the district court's decision was wrong. The district court's decision was correct. First of all, as equity, the process was that the past authority had to comply with the complaint or the suit would be disqualified. What Rule 9 does is it— I don't hear you. Okay. Mr. Arad, if you're still listening, can I just dial in by phone? Thank you, Your Honor. Okay. So the reason why this doesn't come up very often is that at equity, this had to be pled in the complaint. Rule 9 is a replacement for that equity rule, and what it says is this often won't be an issue, and if it's not an issue, then fine. It doesn't need to be pled in the complaint. If it is an issue, the rule says any party, any stranger, any plaintiff, any defendant, can challenge the authority or capacity of the other party through a responsive pleading. Right. But what's central to this case is what's authority and what's capacity. Right. And at least in every treatise and case one can find, except maybe the Judge Pragerson opinion, which assumes the authority but doesn't discuss it, authority means representative capacity, and capacity means the ability to come to court at all, that is the existence of a corporate. That's correct, Your Honor, but for two reasons both of those concepts are directly relevant here. Authority is defined by Wright and Miller and by this court in Osuna-Alvarez as the right to exercise power on behalf of a represented entity. But who is exercising authority on behalf of a represented entity? Ron Ygra. He is suing and nobody is exercising authority in the lawsuit on behalf of it. It's the entity that's suing. No, the entity was not suing because Ron Ygra filed this suit in TRT's name without Seidel's consent. Plaintiff no longer contests, he no longer argues that Seidel agreed to this lawsuit when it was filed. So Ygra came in and he said, I'm filing this lawsuit in TRT's name. No, Ygra came in and filed the suit in TRT's name just the way I could come in and file the suit in the name of AT&T. And the point of Rule 9 is that the defendant and the court need to be able to consider whether the person who purports to be the party actually is the party. And that's why Rule 9 exists. You have to be able at the outset of the litigation to determine whether the suit was properly filed. Let me ask you this question. Are you saying, for example, Ms. Goldman, that in any case that a defendant should always be able to question a legal entity such as a corporation or a partnership's capacity or authority to bring a suit? Yes, that's exactly what we're saying. What guiding principles can we have on whether that should or shouldn't be allowed? Wouldn't it be raised in every case as to whether, let's say, the CEO properly approved it or whether it should have been approved by a vote of the shareholders or whether all the partners agreed by a supermajority? Why would this be raised every time? That brings me to my second answer to Judge Berzon's question. The reason why this wouldn't come up all the time and why you don't have a slippery slope problem is that this would be governed by all of the ordinary rules that govern litigation. So if AT&T sues me and it's a perfectly proper lawsuit, and I say, no, this isn't authorized, AT&T comes back in three seconds with something that says that it is authorized, and that's that. And I'm subject to Rule 11 sanctions because I made a frivolous motion. Yes, but the problem is that if anybody wanted to turn over stones, as Judge Burke has suggested, in a great many lawsuits, there wasn't a quorum at the board meeting or there was a director who voted who wasn't supposed to direct or a hundred different things that could implicate the kind of question that you're asking, which leads me to two problems. One, how come this has never happened? And B, if it does start happening, is it ever going to stop? This is a case of two partners in a relatively simple situation, but defendants have great incentives to avoid lawsuits, and there are plenty of disgruntled directors and staff people around who can come forward and say that there was something irregular and we're never going to have an end to it. But that's not this case, Your Honor. This case is much, much clearer. First of all, the background rule of partnerships is that one partner can come in and file a lawsuit on his own as an agent of the partnership. That's the background rule of partnerships. It happens that these two partners decided to do something very unusual and adopt a partnership agreement that required both of them to agree to file any lawsuit. So any lawsuit filed without the agreement of both partners was unauthorized and filed without capacity. What the district court is saying here is that the defendants have to be able to challenge that in order to avoid wasting everybody's time. It's going to be very unusual that the defendant will have a good faith basis for bringing that type of challenge. But in the rare case where there is such a good faith basis, and here there was, and here the defendants were able to prove that the lawsuit was unauthorized to the point where a plaintiff doesn't even argue anymore that the lawsuit was properly authorized, in that situation you have to be able to bring the challenge. It cannot be that you have to go all the way to the end of the litigation and then let the other partner come in and challenge the outcome on the ground that the lawsuit was not unauthorized to begin with. That's not going to happen. That's the other thing. This lawsuit is a very poor starting cause for that because the other partner has withdrawn and has specifically said that he's not going to challenge the lawsuit and in fact he's going to cooperate with the lawsuit and in fact he's going to get the proceeds of the lawsuit if there is any. So the only policy argument here, which is that you might be subjected to dual suits for example, isn't going to happen and can't happen. So why isn't that the end of that matter? Because you're looking at this ex ante. What the plaintiff is asking for here is a legal rule that an outsider can never invoke Rule 9 to challenge the authority or capacity of an entity if it looks from the caption like the suit was properly filed and that cannot be the rule. That is not the purpose of Rule 9. At common law anybody could bring a challenge like this. We cited in our brief the Jacques case where a third party came in and challenged the capacity of a partnership on the ground that the partners were dead and the court said that's a Rule 9 challenge. So why would an outsider... There is no partnership. Here there is a partnership. But that's because there was no partnership. It had no capacity. It was a dead person. It was like having a dead person bring a lawsuit. Two dead people aren't any better than one dead person and therefore there's no capacity. But the other reason why there clearly is the ability of an outsider to bring this challenge is that the rule clearly allows an outsider to come in and challenge the authority of a trustee to file suit in the name of a trust. Right? So if you can file suit in the name of a trust and an outsider can come in and challenge that, why can't you come in and challenge the authority of a partner to file on behalf of a partnership? It's the same fiduciary relationship. The trustee is the fiduciary... In the trust situation, the trust shows up, and says he is John Jones on behalf of X. Right? And that's what you're challenging. John Jones, you can't sue on behalf of X because you have no authority to sue on behalf of X. Here, the party is not EGRT. EGRT isn't coming in here and saying, I'm suing on behalf of TRT. Oh, he absolutely is. He absolutely is. Judge Alsop found that he was, and we have to talk about what the word party means in the context of Rule 9. Rule 9 is a very clear rule. It says that the opposing party, any opposing party, it doesn't say insiders, it doesn't say outsiders, any party can challenge a party's authority to sue or be sued in a representative capacity. So what Plaintiff is saying here is that the word party doesn't encompass EGRT, and that is wrong. And I want to talk for a minute about why that's wrong. Black's Law Dictionary says that a party isn't just the name of the party in the caption. Black's Law Dictionary says a party is someone who controls a lawsuit and has an interest in the outcome, like EGRT here. AmJur Party Section 4 says the term parties include all who are directly interested in the subject matter of the suit and have a right to control the proceedings. Excuse me. So, therefore, if you have a sole proprietorship corporation, you know, usually in the UJR issues about piercing the corporate bail and so on, that all goes away and the sole owner is a party to the lawsuit even if it's a proper corporation which would not otherwise be subject to piercing the corporate bail. Well, that's why I wanted to bring up the Eisenberg case. We're not saying that this makes Mr. EGRT a party for all purposes in every rule under the Federal Rules of Procedure that uses the word party. This is really important. He's a party for purposes of Rule 9 to determine whether this lawsuit was properly filed. I keep calling it the Eisenberg case. I'm sorry, it's the Eisenstein case. It's the U.S. Supreme Court case from 2009 that we cited in our brief and Judge Alsup cited in his opinion. And in that case, the Supreme Court said that the caption is not determinative as to the parties to the action. So, what the court said in Eisenstein, Eisenstein was a false claims act case and the government was named as a party in the litigation but didn't exercise its right to intervene. And the question was whether the parties got the longer time to appeal under Rule 4 because the government was a party. And the Supreme Court said, no, the government's in the caption but it didn't intervene, it didn't play a serious role here and so therefore, the government is not a party for purposes of Rule 4. But the court specifically said it could be a party for other purposes. It dropped a footnote and it said if the government doesn't intervene in this type of case, it could be a party for other purposes like if the case is dismissed over its objection, it could appeal. So, party means different things in different contexts. And what we're saying is that in the narrow context of Rule 4, IGRA is a party because he had a direct interest in the outcome and he was controlling the litigation. And both of those things are undisputed. The plaintiff has never come to grips with the actual... If you had two partners who agreed to bring the lawsuit, they would each be a party to the lawsuit. For purposes of Rule 9, yes, but not for other purposes. So, the plaintiff is trying to say that if we're right, then, for example, a judgment could be enforced against a party who's running litigation on behalf of a partnership. We're not saying that. What we're saying is that for the purposes of Rule 9, which is this very broad and general rule that gives any party a right to come in and challenge authority or capacity at the outset of the case... Excuse me, but it says authority to act in a representative capacity. It's not authority in general, which seems quite significant. Just a minute, I don't see Judge Berg. Judge Berg, are you still here? Yes, thank you. I apologize. I don't know what happened there. I just lost you all, and nice to see you all again. All right, Ms. Goldman, why don't we give you two minutes more, and then we'll give your opponent a couple minutes as well. I want to go back and make something really clear. One is, the threshold question here, as the Court laid out in its order last time, is whether Judge Alsup can properly address the question of authority or capacity, either because we can properly raise it under Rule 9, or because he has the inherent power to do so. Plaintiff concedes that in the situation where the partners are tied up in the basement, it's a capacity issue. But on his theory, if the remaining partner files the suit in the name of the partnership, nobody can look at whether that's a capacity issue. And the problem with the plaintiff's reading of Rule 9 is that nobody can inquire into capacity or authority if the name in the caption appears to be a proper name. And if that were the rule, then we wouldn't have Rule 9. It doesn't make any sense. That is separate from the question of whether the party actually has capacity or authority. Rule 9 is directed at two recurring problems. Capacity in the usual sense, and authority to represent in the usual sense. Now you're trying to put something else in there, which is another kind of authority, but it's certainly one that denudes Rule 9 to keep it to what everybody heretofore has always understood it applies to. Now, maybe your attempt to expand it has some merit, but it certainly isn't going to eliminate the general application of Rule 9 if we don't agree with you. No, Your Honor, because Rule 9 encompasses every challenge to a party's filing of a suit in a representative capacity. That's just what authority means. Authority means exercising power on behalf of a represented entity. Here, they grow with exercising power on behalf of TRT with outside consent, just as the defendants in De Seracha was exercising power on behalf of ECG, the corporation, without the consent of the board. It's the same. They argued it, but the court didn't decide it. And moreover, there was in that case the person who was raising it, the defendant, was a partner. So what you really had in a sense was a cross-claim within the lawsuit for a defendant to operate within the partnership, which seems like an appropriate thing to do because it is part of the transaction involved in the lawsuit. But that's a different situation than when somebody who has nothing to do with the partnership is trying to raise. May I respond, Your Honor? I see I'm out of time, but the problem with that is that that wasn't the basis for the court's holding. What the court said is that defendants could raise this and absolutely never said that. Oh, it did, Your Honor. It repeatedly said that it was defendants' challenge. Defendants didn't raise it at the right time. Defendants should have raised it in their answer. And therefore, they never decided. They just assumed that it applied, but they never actually did. Anyway, thank you very much for your argument. Can I just make one more point on the statute of limitations, Your Honor? My opponent has argued vociferously that but what he hasn't addressed at all is the fact that any ratification, even if it was valid, came after the statute of limitations and was therefore too late. The litigation gimmick rationale that served as the basis for Judge Alsup's ruling the first time around really wasn't the basis here. The basis for his ruling here is primarily that the attempt to ratify came too late, that it was after the statute of limitations had elapsed and at that point the suit could not be That was defective, but that's always true when you're trying to equitably stop because or it's usually true when you're trying to equitably stop because of a bad lawsuit. It's because there was something wrong with the original lawsuit. No, Your Honor. There is a strong rule of California law that's also was applied by this court in the Raffin case that where there is a problem of capacity or authority, you can't go back and fix that after the statute of limitations is substantive defense and when a case is filed without capacity or authority, it's a nullity and cannot be revived after the statute of limitations has expired. Okay. Thank you very much. Excuse me. Pardon me. I'd like to ask a question if I can to clarify this that I'm interested in of whether it was too late. Assuming we can set aside that it's only the only reason was a perception or was a litigation trick. We're talking about the California law now and there's a series of California cases. I'm not sure that they are too much to us. What is the strongest case you have? I found the I was concerned if we went in this direction, we might have to certify the issue to the Supreme Court of California. Something I would prefer not to do especially they're as crowded as we are now with our challenges but it seems to lead us in that direction. You claim if I understand it correctly that there is California law directly on court and do you have any cases other than those cases where the people did not file their annual required funding? Do you have any cases other than those cases which make this completely settled in the California law which I assume applies in this particular issue? It does apply to this issue your honor and we cited a host of cases in our brief that are outside the tax reform. I don't want a host. I want you to give me one case that's the strongest case that is not one of those where they did not pay their annual fee. It's been applied to the failure to file paperwork with the state in the lease quip case. It was applied in the American alternative case, American alternative energy case. The court said that it applied in general whenever a case, whenever a company doesn't have capacity. The Friends of Shingle case involved the failure to file a statement of information with the case and in this court's decision in Raffen, it was a trust case that had absolutely nothing to do with corporations or taxes and the court said that a failure of authority on the part of a trustee could be remedied only until the statute of limitations expires. So this is a settled question of California law and Planoff has never pointed to a case. It's saying that it can only be remedied until the statute of limitations expires. Did it say it could be remedied until the statute? In other words, did it address the latter question? It only was implicit, Your Honor, but it was clear that the court believed that it could be remedied. Your argument of saying things that aren't there. It wasn't there. And in the Genutech case, the corporation suggested that this rule would be applied in a situation where the company was controlled by rogue executives. It ultimately found that the company was not controlled by rogue executives, but it cited these cases for the proposition that it is a settled rule that the statute of limitations is not told when a company lacks standing to sue because its powers are suspended by the state. And that was not a tax delinquent suspended corporation? Correct. That's Genutech Business Solutions v. Weiss. The court ultimately found that the company was not incapacitated. And finally, in the American Alternative Energy case, the court said that because the company did have capacity as a general partnership, that was why the statute of limitations was told. It's strongly suggesting that the obverse was also true, that if the company didn't have, that if the partnership didn't have capacity, then the statute of limitations would not be told. All right. Thank you very much. I appreciate your argument. We'll now give our opponent, let's say, four minutes since you were six and a half minutes old. Go ahead. You don't need to use them. Brian Cannon again for Plaintiff TRT. A couple of quick points on the federal rules before I move on to the statute of limitations. I think the word party should be interpreted consistently across all of the federal rule. There's not a special meaning for party under Rule 9, as opposed to other federal rules. And the Eisenstein Supreme Court case, in fact, supports TRT because, as we pointed out in the brief, Eisenstein said the United States is not a, quote, party in the lawsuit because it has not intervened or joined into the lawsuit. Similarly, the party in this lawsuit is TRT. IGRA is not a party. He has not joined the lawsuit. So, I'm sorry? Moving on from that, briefly, the question of whether TRT today has capacity and authority, there really is no question that it has full authority and full capacity. So, if defendants are allowed to challenge plaintiff's authority in this situation, today, TRT has full authority because there is one remaining partner who has authority, and he submitted a declaration, I believe that is ER 78 in the record, which provides full authority to TRT. And capacity cannot really be challenged because it's a partnership. There's no dispute that it's not a legal entity. So, moving on to the statute of limitations, I think Judge Wallace's question was exactly on point, and I understand it is settled. And the way that it settles is once you file a complaint under California law, you toll the statute of limitations. Now, even if it's a defective complaint, the statute is still tolled. There is one exception to that, a line of cases involving a California statute directed to delinquency. And those tax delinquency cases, in order to provide an incentive for corporations to pay their taxes to the California Franchise Tax Board, a corporation that is tax delinquent lacks capacity to sue and be sued. That is a very specific and narrow exception to the general rule that is once you file a complaint, everyone's on notice of the complaint, the statute of limitations tolls. And so, there is no California case that we're aware of that applies the tax delinquency cases as a general rule. And American Alternatives is an... So, your position would be that there's no real reason to certify this question because it's clear with the one exception of the tax delinquency cases, that there's no problem under the California law. That is correct, Your Honor. There is one California case where it was analyzed, and that's the American Alternative case. That California provision analyzed whether the tax cases should be applied as a general rule to that case, and the American Alternatives court decided no, and that's a California provision. So, to extend the tax cases as a rule of general applicability would be to create California law in this case. And I don't think there's a need to do that because I think California law is clear that even a defectively filed complaint, if it's filed on time, holds the statute of limitations. Thank you. Okay. Thank you very much. Thank you both for your arguments. We apologize for the technological glitches, but they were relatively benign, and I think we got your arguments in full, so thank you very much.
judges: Wallace, Berzon, Berg